UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| EDWARD ALLEN GARDNER, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV416-138 |
| | ) | | CV416-139 |
| GREG PARKER et al., | ) | | CV416-140 |
| | ) | | CV416-141 |
| Defendants. | ) | | |

## ORDER

Proceeding *pro se*, Edward Gardner has filed four cases[1] against a gas station and three homeless shelters alleging that each establishment violated the Americans with Disabilities Act (ADA) by denying him access because of his service dog. *See, e.g.*, CV416-138, doc. 1 at 5.

Gardner, who lists a non-prison address, also seeks leave to file his complaints *in forma pauperis* ("IFP"). *See, e.g.*, CV416-138, doc. 2. Each of his four cases contains different factual allegations, but each indigency affidavit suffers the same deficiencies. He claims $733 in monthly supplemental security income, *see, e.g.*, CV416-138, doc. 1 at 9, but

---

[1] *Gardner v. Parker*, CV416-138; *Gardner v. Kelly*, CV416-139; *Gardner v. Pryor*, CV416-140; *Gardner v. Allison*, CV416-141.

otherwise provides no information. The affidavit itself is blank, missing the second page, and lacks a signature. *See, e.g.*, CV416-138, doc. 2. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[3]

---

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[3] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

Given the totality of the circumstances, it will do likewise here.[4] Therefore, within 14 days from the date this Order is filed, Gardner shall disclose to the Court the following information:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether he anticipates any future income within the next year;

---

[4] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate Gardner's true financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order four copies (one for each case) of a blank IFP form for Gardner's convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at * 1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED,** this  13th   day of June, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4